IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER WINDERLIN,<br><br>                     Plaintiff,<br><br>v.<br><br>OFFICER KUNZ[1] (Badge No. 376),<br>individually and as a police officer for Sandy<br>City, SANDY CITY, a municipal corporation,<br>and JOHN and JANE DOES 1-10,<br><br>                     Defendants. | **MEMORANDUM DECISION AND<br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR SANCTIONS AND<br>LIMITING DEFENDANTS' THIRD-<br>PARTY SUBPOENAS**<br><br>Case No.  2:08 CV 512 DN<br><br>Magistrate Judge David Nuffer |

Plaintiff moves for sanctions[2] against Defendant:

    a.   for expenses and fees incurred in

        i.   Plaintiff's Motion for Protective Order[3] and Defendants' Motion to Compel[4] (collectively the First Discovery Motions) on which the court ruled in Plaintiff's favor on January 29, 2009;[5]

        ii.   responding to another motion to compel[6] (Second Motion to Compel) filed by Defendants which was withdrawn,[7] and

        iii.   this motion for sanctions;

    b.   for conducting "unduly burdensome discovery and discovery in violation of D.U.Civ.R. 45-1,"[8] including an order prohibiting Defendants from introducing into evidence any records obtained as a result of subpoenas sent without notice

---

[1] The correct spelling of the officer's name is "Kunze."  Therefore, the court uses this spelling in its decision.

[2] Plaintiff's Motion for Sanctions, docket no. 51, filed March 18, 2009.

[3] Plaintiff's Motion for Protective Order, docket no. 18, filed November 21, 2008.

[4] Defendants' Motion to Compel, docket no. 22, filed December 9, 2008.

[5] Memorandum Decision and Order Granting Plaintiff's Motion for Protective Order and Denying Defendants' Motion to Compel, docket no. 38.

[6] Defendants' Motion to Compel Medical Records , docket no. 46, filed February 11, 2009.

[7] Withdrawal of Defendants' Motion to Compel Medical Records, docket no. 50, filed March 6, 2009.

[8] Plaintiff's Motion for Sanctions at 1.

required by that rule; and

    c.   for reimbursement for Plaintiff's time spent in response to excessive subpoenas.

## DISCUSSION

The issue of expenses was not addressed in the briefing or decision of the First Discovery Motions, and the court is not inclined to re-open the motions for that purpose. The Second Motion to Compel was withdrawn and an award of fees or other sanction would be without foundation, since no motion was granted or denied by the court.[9]

The wisdom in not revisiting former motions is well-illustrated by the briefing on this motion which reargues them, now in the context of whether they were substantially justified or not.  It is a needless expenditure of effort for the parties and the courts to come back to them again to adjudicate collateral effects.

As to the claim for sanctions for conducting "unduly burdensome discovery and discovery in violation of DUCivR 45-1" Plaintiff alleges[10] and Defendants do not deny[11] that they have issued 34 records subpoenas,[12] 14 of which were issued in violation of DUCivR 45-1 which requires service of a proposed third party subpoena on other parties so that objections may be made.  In at least one instance, Defendants sent a subpoena without notice for records which Plaintiff had made clear were subject to objection.  The issuance of that subpoena seems to show Defendants' failures to notify were strategic, but

---

[9] *Dataq, Inc. v. Tokheim Corp.*, 736 F.2d 601, 605 (10th Cir. 1984).

[10] Memorandum in Support of Plaintiff's Motion for Sanctions (Memorandum in Support) at 3 and 11-12, docket no 52, filed March 18, 2009.

[11] Memorandum in Opposition to Plaintiff's Motion for Sanctions (Memorandum in Opposition) at 7-8, docket no 55, filed April 6, 2009.

[12] A list of the subpoenas is attached as Exhibit 1 to Plaintiff's Memorandum in Support.

Defendants claim their failure to comply with the rule was inadvertent.[13]  Defendants'

failure to give advance notice was rectified[14] after Plaintiff's counsel sent a letter[15]

complaining about the practice.  Defendants' suggestion that delivery of a subpoena to

Plaintiff on the same day it was served on the third party is not mitigating,[16] particularly

since in at least one case the subpoenaed party sent the records immediately on receipt of

the subpoena.[17]

 The case illustrates the need for the rule requiring advance notice.  The number of

third-party subpoenas is not limited by the Federal Rules of Civil Procedure, as are

interrogatories and depositions, but the same policy reasons that support those limitations

require that a party have a meaningful opportunity to object to third-party subpoenas.  In

that way, the court has some mechanism to prevent excessive discovery, out of scale to

the issues in this case.

 It is apparent from the rationale employed by Defendants in the First Discovery

Motions and Second Motion to Compel that Defendants have a different view of

relevance and discoverability than Plaintiff.  And the magistrate judge, on the First

Discovery Motions, sided with Plaintiff.  It is certainly true that a judge exercising

control over discovery in advance would likely have disapproved the number of third

party subpoenas, some for relevance, but some out of sheer burden.  But the phase of

---

[13] Memorandum in Opposition at 17.

[14] *Id.* at 8.

[15] Letter, Robert Sykes to Heather White, December 11, 2008, attached as Exhibit 2 to Memorandum in Support.

[16] Memorandum in Opposition at 17.

[17] Memorandum in Support at 4 n.2.

those subpoenas has passed, and no motion was made contemporaneously.  To prevent further unnecessary and unregulated burden, Defendants will be prohibited from issuance of further third-party subpoenas in this case without court supervision.

### ORDER

IT IS HEREBY ORDERED that the motion for sanctions[18] is DENIED.

IT IS FURTHER ORDERED that Defendants may not issue third-party subpoenas in this case except on motion to the magistrate judge after which the magistrate judge will wait five business days before granting the motion, to permit any objection to come in.

Dated this 23rd  day of April, 2009.

BY THE COURT:

David Nuffer, U. S. Magistrate Judge

---

[18] Plaintiff's Motion for Sanctions, docket no. 51, filed March 18, 2009.