IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER WINDERLIN,<br><br>      Plaintiff,<br><br>v.<br><br>OFFICER KUNZ (Badge No. 376), individually and as a police officer for Sandy City, SANDY CITY, a municipal corporation, and JOHN and JANE DOES 1-10,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**<br><br>Case No. 2:08 CV 512 DN<br><br>Magistrate Judge David Nuffer |

  Plaintiff Christopher Winderlin moved the Court:

  1. For a Protective Order disallowing Plaintiff's treating physician from serving as an expert witness for Defendants.

  2. To prohibit Defendants from communicating with Plaintiff's treating physicians via any means other than formal discovery.

  3. For sanctions against Defendants for their improper communications with Plaintiff's treating physician, Dr. Vanderhooft.

  4. To strictly limit Dr. Vanderhooft's testimony at trial to matters involving his treatment of Plaintiff, and disallowing any opinion testimony from this treating physician.

  5. For an extension of time for Plaintiffs to find another expert physician to testify regarding Plaintiff's injury.[1]

 Based on the decision of the Utah Supreme Court in *Sorensen v. Barbuto*[2] the motion is

GRANTED IN PART as follows:

---

[1] Plaintiff's Motion for Protective Order Disallowing Plaintiff's Treating Physician from Serving as Defendants' Expert Witness, docket no. 69, filed September 22, 2009.

[2] 177 P.3d. 614, 2008 UT 8 (2008).

## ORDER

IT IS HEREBY ORDERED:

> Defendants are prohibited from communicating with Plaintiff's treating physicians via any means other than formal discovery.
>
> Dr. Vanderhooft may be called by any party at trial to testify as a factual witness to matters involving his treatment of Plaintiff, and "as part of that testimony [may] provide opinions regarding the medical information that has been released [from privilege] through rule 506(d)(1)."[3]
>
> Neither party shall refer to Dr. Vanderhooft as an "expert witness" or as designated to serve as such by any party, but shall refer to him as a "treating physician."

Dated this 26th day of December, 2009.

BY THE COURT:

_____
David Nuffer, U. S. Magistrate Judge

---

[3] *Sorensen*, 177 P3d at 620 n1.